Pearson, J.
 

 It is not a little singular, that after this case was taken to the Superior Court, upon the petition of the defendant, and was transferred to the trial docket., upon his motion, he should then fde a plea to the jurisdiction of the Superior Court, and insist that
 
 “
 
 that Court should not take or exercise jurisdiction.” It may be well for him that the plea cannot be sustained; for possibly in that event, the proper order would have been a
 
 procedendo
 
 to the County Court.
 

 But the plea cannot be sustained; and the judgment of
 
 re-spondeat ouster
 
 must be affirmed. The defendant will thus have an opportunity of pleading in chief, and putting the case upon its merits.
 

 Instead of a plea to the jurisdiction of the Superior Court, the defendant ought to have put in a plea to the jurisdiction of the
 
 County Court;
 
 whereas, he merely refers to the want of jurisdiction in the latter,
 
 by way of argument,
 
 to sustain the plea to the j urisdiction of the former.
 

 By way of explanation : — A
 
 certiorari
 
 answers the purpose of an appeal from the County to the Superior Court. Suppose the defendant appears to an action in the County Court, and pleads to the jurisdiction, and there is an appeal to the Superior Court— upon what does the trial take place in that Court? So, here, although the defendant did not appear to the action, and for that reason could not appeal, and had to bring the case up by
 
 certio-rari,
 
 yet it stands in the Superior Court, as if it had been brought up by appeal, and the proper course was for the defendant, when he got into that Court, to move for leave to put in his pleas, on the ground that he he had no opportunity of doing so in the County Court. His motion would have been allowed in the same way as, after an appeal, defendants are allowed to add or to change pleas. The issue would then have been upon the
 
 *472
 
 want of jurisdiction in the County Court, and the defendant would not have been involved in the dilemma suggested above.
 

 Pee. Curiam. Judgment affirmed.